**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                **v.**        **09-CR-55A(Sr)**

**DAMONE BROWN,**

      **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with Title 28, United States Code, Section 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #11.

## PRELIMINARY STATEMENT

The defendant, Damone Brown (hereinafter, "defendant" or "Brown"), along with seven others was charged in a six count Indictment with having violated Title 21, United States Code, Section 841, Title 21, United States Code, Section 846 and Title 18, United States Code, Section 1956.  Dkt. #1.  The defendant was charged in two separate counts, Counts 3 and 4, with money laundering.  _Id_.

Presently pending before this Court is the defendant's omnibus motion for discovery (Dkt. #53) and a motion to join in defendant Glance Ross' motion to suppress (Dkt. #101) the evidence obtained pursuant to the search of safe deposit box number 65 at Citizens Bank, 1893 Elmwood Avenue, Buffalo, New York (Dkt. #104).  The

government has filed its response to defendant's omnibus motion for discovery, as well as a motion for reciprocal discovery. Dkt. #120. This Court's Report, Recommendation and Order with respect to Glance Ross' motion to suppress (Dkt. #101) in which defendant Damone Brown has joined (Dkt. #104) will be addressed and filed separately. What follows is this Court's Decision and Order with respect to the defendant's omnibus motion for discovery and the government's motion for reciprocal discovery.

## DISCUSSION AND ANALYSIS

### Rule 16 - Discovery

As a threshold matter, the defendant acknowledges that the government agreed to provide voluntary discovery materials pursuant to this Court's Scheduling Order, however, in an abundance of caution, the defendant has made specific discovery requests pursuant to Rule 16 of the Federal Rules of Criminal Procedure. Dkt. #53, pp.5-6. In nine separately lettered requests, the defendant seeks, any oral, written or recorded statements of the defendant, co-defendants and unindicted co-conspirators; the defendant's prior criminal record; arrest reports, investigator notes, reports, and transcripts; all tangible items the government intends to use in its case-in-chief; any tangible items which belong to or were obtained from the defendant; results of any physical and/or scientific examinations; and the identities, qualifications and summaries of testimony of all expert witnesses. *Id*.

In its response, the government states,

> [a]s an initial matter, it should be noted that the government has provided a voluminous amount of discovery, much of it voluntarily. On June 1, 2009, the government made its initial production to the previous attorney for the defendant [Glance Ross], who was also designated by the Court as a discovery custodian for Indictment No. 09-CR-55. This discovery included the following: (a) search warrant applications, affidavits and returns, (b) FBI reports (i.e., 302 Forms) pertaining to surveillance, controlled narcotics purchases and search warrants, (c) surveillance and seizure photos, (d) audio files of intercepted calls from the eight (8) cellular telephone lines which were the subject of court orders from District Judge William M. Skretny and (e) lab reports. The government will provide the notes and <u>curriculum vitae</u> of the lab examiners as we get closer to trial, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G) and Title 18, United States Code, section 3500.

Dkt. #120, p.11. In addition, the government further states that on June 5, 2009, July 17, 2009, August 13, 2009, December 9, 2009, January 15, 2010, February 2, 2010 and April 28, 2010, it supplemented the discovery previously provided to defendants. *Id*. at p.12. The documents and information provided by the government on the above-listed dates principally related to electronically intercepted calls, including summaries of the "line-sheets", "ten-day" reports, the actual "line-sheets", applications for the interception orders for Anthony Frazier's phone and Marcus Chambers' phone, and redacted applications for the interception orders for Glance Ross' phones. In addition, the government states that it provided additional 302 Forms from the FBI relating to the investigation.

Notably, with the exception of its mention of lab reports and the *curriculum vitae* of the lab examiners, the government does not specifically address many of the nine separately lettered discovery requests set forth in the instant motion.

**Statements**

By these requests, the defendant seeks the disclosure of any oral, written or recorded statements made by him to law enforcement.  In addition, the defendant seeks the disclosure of any statements made by co-defendants and unindicted co-conspirators.  The government has not specifically responded to these requests.  Federal Rule of Criminal Procedure 16(a)(1)(A) and (B) mandates that the government disclose to the defendant the substance of any relevant oral statement made by the defendant before or after arrest, as well as any relevant written or recorded statement made by the defendant.  To the extent not already provided to the defendant by the government, the defendant's request for the disclosure of oral, written and recorded statements made by the defendant is granted.

For purposes of addressing that portion of the defendant's request seeking the disclosure of statements made by any co-defendant or unindicted co-conspirators, the Court will treat the request as one for the production of witness statements.  "[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001).  The prosecution is obligated

to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony. *See* Title 18, United States Code, Section 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy and the government is further directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

### Defendant's Prior Criminal Record

By this request, the defendant seeks a copy of his prior criminal record pursuant to Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure. Rule 16(a)(1)(D) provides:

> [u]pon a defendant's request, the government must furnish the defendant with a copy of the defendant's prior criminal record that is within the government possession, custody, or control if the attorney for the government knows - or through due diligence could know - that the record exists.

The government does not specifically respond to this request. Based upon what is required by Rule 16(a)(1)(D) of the Federal Rules of Criminal Procedure and by reason

of defendant's request for a copy of his prior criminal record, the defendant's request is granted.

## Documents and Objects

Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(E), the defendant seeks the disclosure of any "arrest reports, investigator notes, memos from arresting officers, dispatch tapes, rough notes, records, reports, transcripts, videotapes and/or other documents."  Dkt. #53, p.5.  As described above, the government has previously provided extensive documents pertaining to the investigation of this matter. Based on the representations made by counsel for the government, the defendant's request is denied as moot.

## Reports of Examinations and Tests and Expert Witnesses

By this request, the defendant seeks the disclosure of the "results of any physical and/or scientific examinations, tests and/or experiments within the prosecution's possession, custody, and/or control which are either intended by the prosecution to be used as evidence in chief or which is material to the defense preparation and has not been previously provided."  Dkt. #53, p.6.  As part of its response, the government states, "[t]he government will provide the notes and curriculum vitae of the lab examiners as we get closer to trial, pursuant to Federal Rule of Criminal Procedure 16(a)(1)(1G) and Title 18, United States Code, [S]ection 3500."

Dkt. #120, p.11.  Based on the representations made by counsel for the government, the defendant's request is denied as moot.


## Rule 12 - Discovery

Pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure, the defendant requests immediate disclosure by the government of notice setting forth any evidence which the defendant may be entitled to discover under Rule 16 which the government intends to utilize at trial.  Specifically, Rule 12(b)(4)(B) provides,

> [a]t the arraignment or as soon afterward as practicable, the defendant may, in order to have an opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

The government does not specifically respond to this request.  As provided in Rule 12(b)(4)(B), the defendant is entitled to notice from the government concerning evidence on which the government intends to rely and that the defendant is entitled to discover under Rule 16.  For the foregoing reasons, the defendant's request is granted.


## Bill of Particulars

With respect to Count 3 of the Indictment, the defendant seeks particularization of the following information: (a) the manner in which it is alleged that the defendant used the safe deposit box, including the dates and times; (b) the particular actions undertaken by each of the individuals identified in Count 3; and, (c) the unlawful activity from which the proceeds were allegedly derived.  Dkt. #53, pp.9-10.

With respect to Count 4 of the Indictment, the defendant seeks particularization of the following information: (a) the particular actions undertaken by each individual identified in the Indictment and committed in furtherance of the conspiracy; (b) the identity of each "unknown" co-conspirator; (c) the particular actions undertaken by each individual identified in sub-part (b) above; and, (d) the exact location, substance and identity of participants in each alleged act undertaken in furtherance of the alleged conspiracy which was committed outside the Western District of New York. *Id*. at p.10.

In its response, the government states, "[b]ecause the defendant will have full discovery, exculpatory and impeachment material, a witness list, exhibit lists, including Jencks materials, well in advance of the trial, the defendant will not be surprised by the evidence against him or be subject to future jeopardy in a way that might otherwise justify ordering any of the requested particulars." Dkt. #120, p.10.

The defendant's request for a bill of particulars is denied. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in the Indictment, along with the discovery materials provided by the government, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Fella*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, 493 U.S. 834, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also [United States v.] Bortnovsky*, 820 F.2d [572] at 574 [(2d Cir. 1987)]. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); *see also United States v. Chen*, 378 F.3d 151, 163 (2d Cir.), *cert. denied*, 543 U.S. 994 (2004); *United States v. Porter*, No. 06-1957, 2007 WL 4103679 (2d Cir. Nov. 19, 2007), *cert. denied*, 128 S.Ct. 1690 (2008).

**Rule 404(b), 608 and 609 Material**

The defendant states "the defendant hereby moves pursuant to Rule 404(b) of the Federal Rules of Evidence for pretrial disclosure of any evidence to be offered by the prosecution at trial under that subsection and for the exclusion of any such proffered evidence found to be inadmissable pursuant to Rules 403 and 404(b) . . . " Dkt. #53, p.10. In addition, the defendant seeks the disclosure of conduct, opinion and reputation evidence, as well as any criminal convictions the government

intends to use in cross examination of witnesses.  *Id*.  In its response, the government

states that,

> [t]he government will disclose evidence in its possession
> which might fall within the ambit of Fed. R. Evid. 404(b), 607,
> 608 and 609, and provide notice of its intention to rely upon
> such evidence at the time it is ordered to do so by the trial
> court. . . .  The government preliminarily notifies the
> defendant that it intends to introduce at trial, pursuant to
> Rule 404(b), all prior criminal conduct acts or wrongs for the
> purpose of showing proof of a defendant's motive,
> opportunity, intent, preparation, plan, knowledge, identity,
> and the absence of mistake or accident.  This notice is only
> preliminary in nature and is not intended to foreclose the
> government from relying on other Rule 404(b) evidence
> should it deem the introduction of such evidence appropriate
> at the time of trial.  The government will provide the
> defendant with more definitive notice of its intent to rely on
> 404(b) evidence when directed by the trial judge, or during
> trial if the trial judge excuses pretrial notice on good cause
> shown.

Dkt. #120, p.14.


Federal Rule of Evidence 404(b) only requires that "the prosecution. . .

provide reasonable notice in advance of trial. . . of the *general* nature of any such

evidence it intends to introduce at trial." (Emphasis added).  Insofar as the government

has indicated that it intends to comply with any pretrial disclosure order entered by the

trial judge and further, that it understands its disclosure obligations, defendant's request

is denied as moot.  The Court notes that the issue of admissibility of such evidence

pursuant to Rules 403 and 404(b) of the Federal Rules of Evidence is best left to the

determination of the trial judge at the time of trial.  Accordingly, the defendant's request

for an Order with respect to admissibility of such evidence is denied.

With respect to the defendant's request pursuant to Federal Rule of Evidence 608, Rule 608 does not contain the same pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is denied. With respect to the defendant's request pursuant to Rule 609, based on the representations made by counsel for the government that it will disclose such evidence, defendant's request is denied as moot. The government is hereby reminded that should the government learn of evidence of other crimes, wrongs and acts it intends to offer pursuant to Federal Rules of Evidence Rules 608 and 609 (impeachment material) during the trial, the government is hereby directed to provide such information consistent with its disclosure of *Jencks* material and the disclosure requirements set by the trial judge in advance of the trial.

**<u>Severance</u>**

In his severance motion, the defendant argues that he anticipates that the government will offer evidence against defendant Glance Ross and other co-defendants that will be unfairly prejudicial to him. Dkt. #53, p.13. In addition, the defendant maintains that the Indictment contains allegations concerning two separate conspiracies - one in which defendant Brown is named and one in which defendant Brown is not named. More specifically, defendant Brown is not named in Count 1 of the Indictment which alleges a conspiracy to possess and distribute cocaine and crack cocaine. Counts 3 and 4 allege a conspiracy to conceal the proceeds of defendant

Ross' drug distribution activities and allege that defendant Brown was aware of these drug activities even though he was not named as a co-conspirator in Count 1. The defendant further argues that absent a severance, he "would be unfairly prejudiced because the jury would hear a substantial amount of evidence about Mr. Ross' drug distribution activities which Mr. Brown was not involved with; therefore there is a chance of spillover prejudice and a risk the jury would impute knowledge of Mr. Ross' drug activities to Mr. Brown unfairly based upon proof offerred [sic] under count one." Dkt. #53, p.13. In reliance on Rule 8(b) of the Federal Rules of Criminal Procedure, the defendant states,

> [t]wo of the three defendants named in counts three and four are Damone Brown and his sister Toria Hodge who are not alleged to have participated in any of Glance Ross' drug distribution activities. Further, there is no 'overlap of acts' in that neither Mr. Brown or [sic] Ms. Hodge are alleged to have committed any substantive acts involving the possession and distribution of illegal drugs.

*Id*. at p.14. Finally, the defendant argues that even if the Court finds that the joinder of the defendants was proper, the Court should exercise its discretion pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure and sever the defendant's trial "since the prejudice to him otherwise would be sufficiently severe to outweigh the interest of judicial economy that would normally inur [sic] in favor of avoiding multiple trials." *Id*.

In its response, the government states,

> [t]he Court should deny the defendant's motion to sever his case from his co-defendants' case because he fails to state a sufficient factual or legal basis. Federal Rule of Criminal Procedure 14 provides for severance when the joinder of defendants appears to prejudice a particular defendant.

Here, the defendant simply speculates that joinder will prejudice him without offering a factual or legal basis. The Court should thus deny the defendant's motion.

Dkt. #120, p.15.

Rule 8 of the Federal Rules of Criminal Procedure provides that an

indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged – whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

In addition, "[j]oinder is proper where the same evidence may be used to prove each count." *United States v. Amato*, 15 F.3d 230, 236 (2d Cir. 1994), *quoting United States v. Blakney*, 941 F.2d 114, 116 (2d Cir. 1991).

Rule 14 of the Federal Rules of Criminal Procedure permits a court to order separate trials of multiple counts if it appears that a defendant is prejudiced by the joinder of offenses. A trial court's "decision whether to grant a severance is 'committed to the sound discretion of the trial court and is virtually unreviewable.'" *United States v. Zackson,* 6 F.3d 911, 922 (2d Cir. 1993), *quoting United States v. Harwood*, 998 F.2d 91, 95 (2d Cir. 1993) (internal quotation omitted). Reversal will be granted only in cases where a trial judge "clearly abused his discretion and the defendant has suffered substantial prejudice therefrom." *Zackson*, 6 F.3d at 922 (internal quotation omitted).

"It is thus not sufficient to show a likelihood that a separate trial would . . .

benefit[ ] the defendant." *United States v. Cervone*, 907 F.2d 332 (2d Cir. 1990), *cert.*

*denied,* 498 U.S. 1028 (1991). "Rather, there must . . . be[ ] prejudice so substantial as

to amount to a 'miscarriage of justice.'" *Id., quoting United States v. Nersesian,* 824

F.2d 1294, 1303 (2d Cir.), *cert. denied*, 484 U.S. 957 (1987). "Such a showing is

unlikely where 'proof at separate trials would largely overlap.'" *United States v. Brozyna*,

571 F.2d 742, 747 (2d Cir. 1978), *quoting United States v. McGrath*, 558 F.2d 1102,

1106 (2d Cir. 1977). In other words, "[u]nfair prejudice does not result if evidence

admissible to prove each charge is also admissible to prove the other charge." *United*

*States v. Peoples*, 748 F.2d 934, 936 (4th Cir.), *cert. denied*, 471 U.S. 1067 (1984).


In the instant case, the Court finds that by reason of the small number of

counts in the Indictment, as well as the relative simplicity of those charges and the

defendant's failure to demonstrate that he would suffer substantial prejudice if the

charges were tried together, the charges are properly joined and severance is not

appropriate. See *United States v Stolica*, No. 09-cr-30047-DRH, 2009 WL 2849003

(S.D. Ill. Sept. 1, 2009). In fact, the defendant only states that "there is a *chance* of

spillover prejudice . . . " Dkt. #53, p.13 (emphasis added). This Court is of the view that

a properly instructed jury is more than capable of sorting through the evidence and

following limiting instructions thereby avoiding the possibility of any prejudicial

evidentiary spillover or cumulation of evidence. Accordingly, this Court finds that the

charges in the Indictment are part of a common scheme or plan pursuant to Rule 8(a)

of the Federal Rules of Criminal Procedure.  This Court further finds that the defendant

has failed to demonstrate that he will suffer substantial prejudice if all of the Counts in

the Indictment are tried together.  Based on the foregoing findings, the defendant's

motion to sever is denied.


**Brady Material**

Within his broad request labeled "*Brady* Material," the defendant seeks

the immediate disclosure of all exculpatory and/or impeaching material in the

government's possession, custody and control.  Specifically, the defendant seeks the

following categories of documents, information and/or material tending to exonerate

him:  evidence tending to impeach the credibility of any prospective government

witness, written and oral statements made by any person, including co-defendants, with

knowledge of the events charged in the Indictment, written or oral statements made by

persons and/or co-defendants the government believes has information helpful to the

defense.  Dkt. #53, pp.14-22. Thus, the Court will treat this request principally as one

for *Brady* and *Giglio* material.  In its response the government states in part, "[t]he

defendant will have full discovery, exculpatory and impeachment material, a witness list,

exhibit lists, including <u>Jencks</u> materials, well in advance of the trial . . . "  Dkt. #120,

p.10.


"[A]s a general rule, *Brady* and its progeny do not require immediate

disclosure of all exculpatory and impeachment material upon request by a defendant."

*United States v. Coppa*, 267 F.3d 132, 146 (2d Cir. 2001). The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id.* at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his/her direct testimony. *See* 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2; *In re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order to be issued by the trial judge.

Based on the representations made by counsel for the government as to its obligations under *Brady* and *Giglio,* the defendant's request is denied, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

**Preservation of Agent Notes**

By this request, the defendant seeks an Order from this Court requiring all government agents and officers who participated in this investigation to retain and preserve all rough or handwritten notes taken as part of their investigation. Dkt. #53,

p.23.  In addition, the defendant also requests an Order from this Court directing the

government to compile a list of the documents discoverable under Rule 16 of the

Federal Rules of Criminal Procedure or under *Brady* which were destroyed by

government agents during or after the investigation.  *Id*.  In its response, the

government states, "[t]he government agents involved in this case have been directed

to preserve all potential evidence in this case, including rough notes."  Dkt. #120, p.15.


Although perhaps unnecessary based on the representations made by

counsel for the government concerning its acknowledgment of its obligation and its

instruction to the agents to retain and preserve all evidence, including rough notes, the

express admonition of the Court of Appeals for the Second Circuit bears repeating in

addressing this particular request of the defendant wherein the Court stated:

> [W]e will look with an exceedingly jaundiced eye upon future
> efforts to justify non-production of a Rule 16 or Jencks Act
> "statement" by reference to "departmental policy" or
> "established practice" or anything of the like.  There simply is
> no longer any excuse for official ignorance regarding the
> mandate of the law.  Where, as here, destruction is
> deliberate, sanctions will normally follow, irrespective of the
> perpetrator's motivation, unless the government can bear
> the heavy burden of demonstrating that no prejudice
> resulted to the defendant. . . .  We emphatically second the
> district court's observation that any resulting costs in the
> form of added shelf space will be more than
> counterbalanced both by gains in the fairness of trials and
> also by the shielding of sound prosecutions from
> unnecessary obstacles to a conviction.

*United States v. Buffalino*, 576 F.2d 446, 449-50, (2d Cir.), *cert. denied*, 439 U.S. 928

(1978); *see also United States v. Grammatikos*, 633 F.2d 1013, 1019-20 (2d Cir. 1980);

*United States v. Miranda*, 526 F.2d 1319 (2d Cir. 1975), *cert. denied*, 429 U.S. 821

(1976).  Accordingly, the government is hereby directed to maintain and preserve all materials that are known by the government to exist, that constitute potential *Jencks* material in this case.

## Rule 807 Disclosure

By this request, the defendant seeks an Order directing the government to comply with the requirements of Federal Rule of Evidence 807 and provide the defendant with the requisite pre-trial notice of its intention to offer evidence pursuant to the residual hearsay exception.  As to "residual exception" evidence which the government intends to use at trial, the defendant's request is granted and the government shall make disclosure in accordance with Rule 807 of the Federal Rules of Evidence.

## Joinder

The defendant seeks to join in any and all motions made on behalf of the co-defendants. Dkt. #53, p.24.  This request is granted with the further directive and finding that the decision made by this Court as to each of the co-defendant's requests contained in the motion in which this defendant joins shall also be deemed to be the finding and Order of this Court as to the defendant herein.

## Leave to Make Further Motions

The defendant states,

[u]pon the receipt of materials and/or information in the
future, counsel may become aware of further pre-trial relief
which should be requested or matters which should be
advanced to supplement the motions already made. The
Court is respectfully asked to grant leave to make such other
and further motions and to supplement these motions as
may be deemed appropriate at a future date.

Dkt. #53, p.24. This request is granted provided that any additional bases for relief are

based on facts or information learned by reason of the continuation of the investigation

or facts and circumstances revealed in the government's response to the instant motion

or this Court's Decision and Order.


## Government's Request for Reciprocal Discovery

In addition to the relief requested by the defendant, the government has

made a request for reciprocal discovery. Dkt. #120, p.16. The government has

requested that the defendant permit it to inspect and copy all books, papers,

documents, photographs and other tangible objects which the defendant intends to

introduce as evidence-in-chief at the trial. In addition, the government seeks to inspect

all reports of physical or mental examinations and of scientific tests or experiments,

within the possession or control of the defendant along with written summaries of expert

witness testimony that the defendant intends to use at trial. Since the defendant has

moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar

materials and information, the government is entitled to this information pursuant to

Rule 16(b)(1) and its request is granted.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of**

**Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order),**

**may result in the District Judge's refusal to consider the objection.**


DATED:      Buffalo, New York
                November 19, 2010

                                      *S/ H. Kenneth Schroeder, Jr.*
                                      **H. KENNETH SCHROEDER, JR.**
                                      **United States Magistrate Judge**